**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

```
DANIEL PANIAGUA,              )
                              )
          Petitioner,         )
                              )
     v.                       )    1:12CV1253
                              )
LARRY DAIL,                   )
                              )
          Respondent.         )
```

### MEMORANDUM OPINION AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1.) On February 8, 2011, in the Superior Court of Orange County, Petitioner pleaded guilty to attempted second degree sex offense in case 10 CRS 52964. (Docket Entry 1, ¶¶ 1, 2, 4-6; see also Docket Entry 1 at 34-37, 40-41.)[1] In accordance with the plea arrangement (see Docket Entry 1 at 36-37), Petitioner received a mitigated sentence of 46 to 65 months of imprisonment. (Docket Entry 1, ¶ 3; see also Docket Entry 1 at 38-41.) Petitioner did not appeal his convictions to the North Carolina Court of Appeals. (Docket Entry 1, ¶ 8.)[2]

Petitioner filed a pro se motion for appropriate relief ("MAR") with the state trial court (Docket Entry 1 at 18-22), which

---

[1] For portions of the Petition lacking paragraph numbers, pin citations refer to the page number in the footer appended to said document by the CM/ECF system.

[2] Although Petitioner checked the box "Yes" in answer to the question "Did you appeal from the judgment of conviction?" (see Docket Entry 1, § 8), the details Petitioner entered below that question make clear that, rather than a direct appeal of his conviction, Petitioner was referring to his state court motion for appropriate relief ("MAR") and certiorari petition appealing the MAR's denial (see id., § 9).

he failed to date or sign (id. at 22), but which the trial court accepted as filed on June 26, 2012 (Docket Entry 8, Ex. 1 at 2 (indicating date filed); see also Docket Entry 1, ¶¶ 10, 11(a)). The trial court denied the MAR by order dated and filed September 18, 2012. (Docket Entry 8, Ex. 1; see also Docket Entry 1, ¶ 11(a)(7), (8).) Petitioner then filed a pro se certiorari petition with the North Carolina Court of Appeals (Docket Entry 8, Ex. 2), which he dated as submitted on October 9, 2012 (id. at 7), and which that court received on October 15, 2012 (id. at 2). The Court of Appeals denied that petition on October 30, 2012. (Docket Entry 1 at 24; see also Docket Entry 1, ¶ 11(b)(7), (8).)

Petitioner thereafter submitted his Petition in this Court (Docket Entry 1), which he dated as mailed on November 12, 2012 (id. at 14), and which the Court stamped as filed on November 21, 2012 (id. at 1). Respondent moved to dismiss the Petition on statute of limitation grounds. (Docket Entry 7.) Petitioner filed a response in opposition to Respondent's motion to dismiss. (Docket Entry 11.)

## **Petitioner's Claims**

Petitioner raises four claims for relief in his Petition: (1) Petitioner should not have been labeled a violent predator because his offense was not heinous, atrocious or cruel, and such a label may have improperly enhanced his sentence; (2) Petitioner's judgment incorrectly reflects conviction of an offense that the State dismissed as part of the plea arrangement; (3) Petitioner is entitled to re-sentencing based on "an over all enhancement" of his

-2-

sentence; and (4) Petitioner was improperly convicted of an offense involving the use of force without any physical evidence of force. (Docket Entry 1 at 5, 6-7, 8, 10.)

## **Discussion**

Respondent moves for dismissal of the Petition on the grounds that the Petition was filed[3] outside of the one-year limitation period. 28 U.S.C. § 2244(d)(1). In order to assess Respondent's statute of limitation argument, the Court first must determine when Petitioner's one-year period to file his § 2254 Petition commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period <u>begins to run from</u> the latest of several potential starting dates:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[3] "In [<u>Houston v. Lack</u>, 487 U.S. 266 (1988)], the Supreme Court held that a *pro se* prisoner's notice of appeal is filed on the date that it is submitted to prison officials for forwarding to the district court, rather than on the date that it is received by the clerk." <u>Morales-Rivera v. United States</u>, 184 F.3d 109, 110 (1st Cir. 1999). At least eight circuits "have applied th[is] prisoner mailbox rule to [establish the 'filing' date of] motions under 28 U.S.C. § 2254 or § 2255." <u>Id.</u> at 110-11 & n.3. In two published opinions issued since that consensus emerged, however, the United States Court of Appeals for the Fourth Circuit has declined to decide whether the prison mailbox rule applies in this context. See <u>Allen v. Mitchell</u>, 276 F.3d 183, 184 n.1 (4th Cir. 2001) ("Allen's petition was dated March 9, 2000, and it should arguably be treated as having been filed on that date. <u>Cf.</u> <u>United States v. Torres</u>, 211 F.3d 836, 837 n.3 (4th Cir. 2000) (declining to decide whether prison mailbox rule applies to filing of federal collateral review applications in district court). We take no position on that question here."); <u>but see</u> <u>Smith v. Woodard</u>, 57 F. App'x 167, 167 n.* (4th Cir. 2003) (implying that <u>Houston</u>'s rule governed filing date of § 2254 petition); <u>Ostrander v. Angelone</u>, 43 F. App'x 684, 684-85 (4th Cir. 2002) (same). Because the difference between the date Petitioner signed his Petition (i.e., the earliest date he could have given it to prison officials for mailing) and the date the Clerk received it would not affect disposition of the timeliness issue, the Court need not consider this matter further.

-3-

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Green v. Johnson, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added).

The record does not reveal any basis for concluding that subparagraphs (B), (C), or (D) of § 2244(d)(1) apply in this case. As a result, Petitioner's one-year limitation period commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A). The Court thus must ascertain when direct review (or the time for seeking direct review) of Petitioner's underlying conviction ended.

Here, the state trial court entered judgment against Petitioner on February 8, 2011 (see Docket Entry 1 at 40-41), and Petitioner did not appeal his conviction further (Docket Entry 1, ¶¶ 8, 9). As Respondent has asserted (Docket Entry 8 at 2-3), and Petitioner has failed to contest (see Docket Entry 11), Petitioner's conviction became final on February 8, 2011, because he pleaded guilty and received a sentence in the mitigated sentencing range for his class of offense (Class D felony) and

-4-

prior record level (Level II).  See N.C. Gen. Stat. § 15A-1340.17(c) and (e)(2009). In North Carolina, defendants who plead guilty have very limited grounds on which they can appeal. See State v. Smith, 193 N.C. App. 739, 741-42, 668 S.E.2d 612, 613-14 (2008) (enumerating limited grounds for appeal for defendants who plead guilty); see also N.C. Gen. Stat. §§ 15A-979(b) & 15A-1444. Petitioner has not alleged or otherwise shown that any of these grounds existed and thus he had no right to appeal.  Under these circumstances, Petitioner's time to file a habeas petition in this Court began to run on February 8, 2011. Hairston v. Beck, 345 F. Supp. 2d 535, 537 (M.D.N.C. 2004); accord Redfear v. Smith, No. 5:07CV73-03-MU, 2007 WL 3046345, at *2 (W.D.N.C. Oct. 17, 2007) (unpublished); Marsh v. Beck, No. 1:06CV1108, 2007 WL 2793444, at *2 (M.D.N.C. Sept. 26, 2007) (unpublished).[4]  The limitations period then ran for 365 days until it expired a year later on February 8, 2012, nine months before Petitioner brought this action under § 2254.

Petitioner did make certain state collateral filings, which generally toll the federal habeas deadline for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 186 F.3d 557, 561 (4th

---

[4] Even if Petitioner had possessed a right to appeal, any such right would have expired 14 days after the trial court entered judgment against him. See N.C. R. App. P., Rule 4(a)(2). Given when Petitioner filed his instant Petition, those 14 days would not affect the timeliness analysis.

-5-

Cir. 1999). Petitioner, however, did not make any collateral filings in the state courts until June 26, 2012, well after his time to file a federal habeas claim had already expired. State filings made after the federal limitations period has passed do not restart or revive the filing period. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000).

Petitioner does not dispute the foregoing time-line, but he does advance three reasons why he believes the Court should consider the Petition despite its untimeliness. (Docket Entry 1, ¶ 18; Docket Entry 11 at 1.) In other words, Petitioner requests equitable tolling, which doctrine the Supreme Court has ruled applicable in this context, Holland v. Florida, 560 U.S. ___, ____, 130 S. Ct. 2549, 2562 (2010). Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)) (emphasis added).

Petitioner first contends that the one-year limitations period does not bar the instant Petition "[b]ecause I am fighting the enhancement of my sentence and the wrongful conviction under a statute not imposed, but dismissed according to plea agreement attached herein." (Docket Entry 1, § 18.) This contention appears to represent an argument that the underlying merit of his claims should constitute sufficient grounds for equitable tolling, something which controlling authority prohibits. See Rouse v. Lee, 339 F.3d 238, 251 (4th Cir. 2003) ("[W]e see no reason why the

decision as to whether a court considers the claims in an untimely petition should depend on the nature of the claims in the petition.")[5]

Petitioner next claims entitlement to equitable tolling because he is "fighting . . . the finding in the judicial order for sex offenders" which requires him to enroll in satellite-based monitoring ("SBM") upon his release from prison. (Docket Entry 1, ¶ 18; see also Docket Entry 1 at 33.) Again, to the extent Petitioner argues that the underlying merit of his claim entitles him to equitable tolling, such an argument fails under controlling law. Rouse, 339 F.3d at 251. In the alternative, if Petitioner argues that the one-year limitations period should begin to run from the date the state court judge signed the order requiring SBM, i.e., March 1, 2011, rather than his date of conviction, i.e., February 8, 2011, Petitioner's claim still lacks merit. Even giving Petitioner the benefit of these extra 21 days would not render the instant Petition timely. The one-year limitations period would have expired on March 1, 2012, without Petitioner having made any collateral filings in state or federal court.

Finally, in Petitioner's response in opposition to Respondent's motion to dismiss, he makes a vague argument that

---

[5] In any event, Petitioner's contention that he was convicted of an offense that had been dismissed pursuant to the plea arrangement is meritless. The plea arrangement provided that Petitioner would plead guilty to attempted second degree sex offense and, in exchange, Plaintiff would receive a mitigated sentence of 46 to 65 months in prison and the State would dismiss the two counts of indecent liberties with a child. (Docket Entry 1 at 36-37.) Petitioner's judgment and commitment form indicates that Petitioner pleaded guilty to and was convicted of one count of attempted second degree sex offense only, not indecent liberties, and was sentenced to the agreed-upon 46 to 65 months in prison. (Id. at 40-41.)

North Carolina Prisoner Legal Services ("NCPLS") is somehow responsible for his delay in filing the instant Petition. (Docket Entry 11 at 1.) Petitioner does not indicate whether he even submitted his claims to NCPLS, whether NCPLS reviewed his claims for a period of time before rejecting them, or whether NCPLS attorneys mislead him in some way as to their representation of him or the deadline to file.[6]  Thus, Petitioner's claim falls considerably short of establishing that he had pursued his rights diligently or that some extraordinary circumstance prevented timely filing, as required by Holland, 560 U.S. at ___, 130 S. Ct. at 2562.

In sum, the Petition is untimely and should be dismissed.

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion to Dismiss (Docket Entry 7) be **GRANTED**, that the Petition (Docket Entry 1) be **DISMISSED**, and that this action be **DISMISSED** in a contemporaneously entered judgment.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

September 4, 2013

---

[6] Even had Petitioner provided more detail as to the role NCPLS played, if any, in his untimely Petition, this Court has previously held that a mere assertion that the filing deadline was missed because the prisoner was waiting on NCPLS to complete its review does not warrant equitable tolling. Dockery v. Beck, No. 1:02CV00070, 2002 WL 32813704, at *2 (M.D.N.C. Aug. 1, 2002) (Beaty, J.) (adopting recommendation of Eliason, M.J.) (unpublished)).